

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# In Re: Hairston

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Hairston " (2006). *2006 Decisions.* Paper 1564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-116                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5438

IN RE: ARTHUR L. HAIRSTON, SR.,

Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the
District of New Jersey
(Related to D.N.J. Civ. No. 06-358)

Submitted Under Rule 21, Fed. R. App. P.
February 1, 2006

BEFORE: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed: February 16, 2006)

OPINION

PER CURIAM

    Pro se petitioner Arthur L. Hairston, Sr., seeks a writ of mandamus to compel the

United States District Court for the District of New Jersey to take action on his civil rights

complaint, which he alleges that he mailed to the District Court on April 20, 2005.

    The writ of mandamus is an extraordinary remedy, which is justified only in the

presence of exceptional circumstances.  Kerr v. United States District Court, 426 U.S.

394, 402 (1976). In order to demonstrate the existence of exceptional circumstances, a petitioner must show that he has no other adequate means of obtaining relief and that he has a clear and indisputable right to issuance of the writ. Id. at 403. In certain cases, mandamus provides an avenue for petitioners whose cases have been unduly delayed in the district court. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996); Johnson v. Rogers, 917 F.2d 1283, 1295 (10th Cir. 1990).

Hairston's complaint, a copy of which he attached to his mandamus petition, was submitted on a form used for filing habeas corpus petitions under 28 U.S.C. § 2241 and alleges a First Amendment violation related to the prison law library where Hairston is incarcerated. The District Court's records indicate that Hairston's complaint was docketed on January 25, 2006. (Hairston v. Nash, D.N.J. 06-cv-00358). It appears that the complaint was initially placed in the record at D.N.J. Civ. No. 05-cv-2203, a habeas proceeding initiated by Hairston at about the same time he mailed his complaint. Given Hairston's use of a habeas form for submitting his complaint, the District Court's apparent administrative confusion is probably understandable. In any event, in light of the District Court's action in docketing the complaint, Hairston's petition for a writ of mandamus will be denied as moot.